UNITES STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
AMIR PADMORE                                                    Index No.:

                      Plaintiff,                       **COMPLAINT**

      -against-                                              Plaintiff Demands Trial by Jury

CITY OF NEW YORK and
POLICE OFFICERS JOHN DOE 1-5,

                      Defendants.
-------------------------------------------------------------X

       Plaintiff, AMIR PADMORE, by his attorney, Alexis G. Padilla, Esq., complaining of the defendants, CITY OF NEW YORK and POLICE OFFICERS JOHN DOE 1-5, upon information and belief alleges as follows:

## PRELIMINARY STATEMENT

1. This is a civil rights action in which the plaintiff, AMIR PADMORE, seeks relief for the defendants' violation of his rights as secured by the Civil Rights Act of 1871, 42 U.S.C. § 1983, and by the Fourth and Fourteenth Amendments to the United States Constitution. Plaintiff seeks compensatory and punitive damages, an award of costs, interest and attorney's fees, and such other and further relief as this Court deems just and proper.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. § 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this court by 28 U.S.C. §§ 1331 and 1343, this being an action seeking redress for the violation of the plaintiff's constitutional and civil rights.

3. Venue in this District is proper under 28 U.S.C. § 1391(b) and (c) in that the events giving rise to this claim occurred within the boundaries of the Eastern District of New York.

## JURY TRIAL DEMANDED

4. Plaintiff demands a trial by jury on each and every one of his claims as pleaded herein.

## PARTIES

5. Plaintiff is a United States citizen of full age.

6. Defendant CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers. Defendant CITY OF NEW YORK was at all times relevant herein the public employer of the defendant police officer.

7. Defendants POLICE OFFICERS JOHN DOE 1-5 were at all times relevant herein duly appointed and acting officers, servants, employees and agents of the New York Police Department, a municipal agency of the City of New York. At all times relevant herein, defendants acted under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the State of New York and the New York Police Department, in the course and scope of their duties and functions as officers, agents, servants and employees of the City of New York, were acting for, and on behalf of, and with the power and authority vested in them by the City of New York and the New York Police Department, and were otherwise performing and engaging in

conduct incidental to the performance of their lawful functions in the course of their duty. They are sued individually and in their official capacities.

## STATEMENT OF FACTS

8. This complaint stems from an incident that occurred on September 2, 2019 at approximately 4:00 P.M. on Eastern Parkway in Brooklyn.

9. On that day, plaintiff was participating in the annual West Indian Day Parade as a spectator.

10. Plaintiff was riding one of the floats when he decided to walk over to a different one. To do so, he began walking in the opposite direction of the parade.

11. Defendant Police Officer John Doe #1 saw plaintiff walking against the traffic of the parade and told him not to.

12. Plaintiff tried to explain that he was simply walking over to the next float.

13. The Officer then approached plaintiff and put his hand up to his chest.

14. Plaintiff stepped back and the officer tried to grab him. Officer tried to grab him.

15. Plaintiff turned around and started to move away in the direction that the officer had initially directed him to go.

16. At that moment plaintiff could see defendants POLICE OFFICERS JOHN DOE #'s 2-5 approaching.

17. Plaintiff started to walk away and stumbled.

18. Then defendant POLICE OFFICER JOHN DOE #1 tackled plaintiff.

19. Plaintiff hit the ground and was immediately in pain.

20. Within seconds, defendant POLICE OFFICERS JOHN DOE #'s 2-4 had piled on top of plaintiff.

21. Defendants punched plaintiff in the face and struck him numerous times about the body with their hands and feet while they were piled on top of him.

22. All the while, plaintiff's right arm was pinned underneath him

23. Defendants took hold of plaintiff's left arm but could not immediately take control of his right arm because it was pinned underneath his body.

24. Defendants used additional force to plaintiff's body and screamed at him to stop resisting, even though they knew or should have known he was unable to comply with their orders.

25. Eventually defendants took control of both of plaintiff's arms and he was fully cuffed.

26. Defendant POLICE OFFICER JOHN DOE #1 then punched plaintiff in the face once more, even though he was already handcuffed.

27. As a result of the force used against him, plaintiff suffered numerous scrapes, cuts and bruises about his face, head, limbs and body.

28. After taking plaintiff into custody, defendants took him to a police car and eventually transported him to a precinct where he was put in a cell.

29. Plaintiff remained in that cell for several hours before he was handed a summons and told that he was free to go.

30. Plaintiff took the summons and went home to his mother's house.

31. After plaintiff's mother observed his physical condition, she immediately took him back to the precinct to file a complaint for excessive force.

32. There, plaintiff saw defendant POLICE OFFICER JOHN DOE #1 who then began to approach plaintiff aggressively before other officers stepped in.

33. Plaintiff and his mother were told by a supervising officer to wait for paperwork related to plaintiff's complaint.

34. After waiting for some time, plaintiff was approached again by numerous officers including defendant POLICE OFFICER JOHN DOE #1 and placed under arrest for the very same offense for which he'd already been handed a summons.

35. Plaintiff was taken back into custody and placed in a cell, where he remained for several more hours.

36. Plaintiff was then transferred to Central Booking, where he remained for several hours more.

37. Eventually, plaintiff was brought before the Court and released upon his own recognizance.

38. Plaintiff sought treatment for his physical condition at Kings County Hospital immediately after being released.

39. Approximately one week later, plaintiff sought mental health treatment after experiencing bouts of anxiety related to this incident. He attended therapy sessions regularly for 8 weeks thereafter.

40. All charges against plaintiff were eventually dismissed.

## AS FOR A FIRST CAUSE OF ACTION

*False Arrest as against defendant POLICE OFFICER JOHN DOE #1 in violation of the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983*

41. Plaintiff repeats, reiterates and asserts each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

42. At all times during the events described above defendant POLICE OFFICER JOHN DOE #1 lacked probable cause to arrest plaintiff.

43. All of the aforementioned acts of defendant POLICE OFFICER JOHN DOE #1 were carried out under the color of state law.

44. All of the aforementioned acts deprived plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

45. The acts complained of were carried out by defendant POLICE OFFICER JOHN DOE #1 in his capacity as a police officer, with all actual and/or apparent authority afforded thereto.

46. The acts complained of deprived plaintiff of his right to be free from false arrest and resulted in a period of false imprisonment lasting approximately 24 hours.

47. As a result of defendant POLICE OFFICER JOHN DOE #1's illegal misuse of his the arrest power vested in him plaintiff did suffer damages, including but not limited to false imprisonment, emotional distress, mental anguish and public humiliation.

## AS FOR A SECOND CAUSE OF ACTION

*Excessive Force as against all defendants in violation of the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983*

48. Plaintiff repeats, reiterates and asserts each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

49. At all times during the events described above defendants lacked probable cause to use force against plaintiff.

50. All of the aforementioned acts of defendants were carried out under the color of state

law.

51. All of the aforementioned acts deprived plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

52. The acts complained of were carried out by the defendants in their capacities as police officers, with all actual and/or apparent authority afforded thereto.

53. The acts complained of resulted in pain and injury to plaintiff.

54. The acts complained of deprived plaintiff of his right to be free from excessive force.

## AS FOR A THIRD CAUSE OF ACTION

*Municipal Liability pursuant to 42 U.S.C. § 1983 as against defendant CITY OF NEW YORK*

27. Plaintiff repeats, reiterates and asserts each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

28. The CITY OF NEW YORK directly caused the constitutional violations suffered by plaintiff and is liable for the damages suffered by plaintiff as a result of the conduct of the defendants. The conduct of the defendants was a direct consequence of inadequate training and supervision of police officers by defendant CITY OF NEW YORK and its agent, the New York Police Department.

29. At all times relevant to this complaint defendant CITY OF NEW YORK through its agent, the New York Police Department, had in effect policies, practices, and customs that allowed for a police officer to arrest a citizen without probable cause and in flagrant violation of his sworn oath to uphold the Constitution.

30. At all times relevant to this complaint it was the policy and/or custom of the CITY OF NEW YORK to inadequately train, supervise, and discipline its police officers, thereby failing

to adequately discourage the misuse of arrest power and the use of excessive force as described in this complaint.

31. As a result of the policies and customs of the CITY OF NEW YORK and its agency the New York Police Department, police officers – including the defendants on the day in question – believe that their unconstitutional actions will not result in discipline but will in fact be tolerated.

32. The wrongful polices, practices and customs complained of herein, demonstrates a deliberate indifference on the part of policymakers of the CITY OF NEW YORK to the constitutional rights of persons within the city, and were the direct and proximate cause of the violations of plaintiff's rights alleged herein.

**WHEREFORE,** plaintiff demands relief jointly and severally against all of the defendants for compensatory damages in an amount to be determined by a jury; punitive damages in an amount to be determined by a jury; costs, interest and attorney's fees, and such other and further relief as this Court may deem just and proper.

Dated: March 16, 2020
       Brooklyn, NY

By:    */s/Alexis G. Padilla*
Alexis G. Padilla, Esq. [AP8285]
*Attorney for Plaintiff*
Amir Padmore
575 Decatur Street #3
Brooklyn, NY 11233
(917) 238-2993
alexpadilla722@gmail.com